1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JOWELL FINLEY,

                Plaintiff,

    v.

T. GONZALES, III, et al.,

              Defendants.

_____/

CASE NO. 1:08-cv-00075-LJO DLB PC

FINDINGS AND RECOMMENDATIONS
RECOMMENDING DISMISSAL OF CERTAIN
CLAIMS AND CERTAIN DEFENDANTS

(Doc. 1)

### Findings and Recommendations Following Screening of Complaint

## I.    Procedural History

       Plaintiff Jowell Finley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §2000bb ("Religious Freedom Restoration Act").  Plaintiff filed this action on January 15, 2008.  On February 4, 2009, the Court issued an order finding that Plaintiff's complaint states cognizable claims against Defendants Olive and Pina for violation of the Eighth Amendment, but does not state a cognizable First nor Fourteenth Amendment religion claim, nor a cognizable Religious Freedom Restoration Act claim, retaliation claim, supervisory claim, or access to the courts claim.   The Court found that Plaintiff does not state any claims against defendants T. Gonzales III, Cano, Jones or Adams, and ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable.  On February 11, 2009, Plaintiff notified the Court that he does not wish to amend and is willing to proceed on the claims found cognizable.  Based on Plaintiff's notice, this Findings and Recommendations now issues.

1    **II.    Screening Requirement**

2        The Court is required to screen complaints brought by prisoners seeking relief against a

3    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4    Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

8    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

9    claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

10       "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

11   exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S.

12   506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

13   plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).

14   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

15   grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading

16   standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330

17   n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements

18   of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257

19   (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

20   **III.   Summary of Plaintiff's Complaint**[1]

21       Plaintiff is currently housed at Kern Valley State Prison in Delano, California.  The events

22   giving rise to the claims at issue in this action allegedly occurred at California State Prison -

23   Corcoran in Corcoran, California.   Plaintiff names Correctional Sergeant T. Gonzales III,

24   Correctional Officer A. D. Olive, Correctional Officer M. Pina, Correctional Counselor II Appeals

25   Coordinator J. Jones, Appeals Coordinator L. Cano and Warden D. G. Adams as defendants.

26

27

28       [1] On September 25, 2008, Plaintiff filed a motion to supplement his complaint.  Plaintiff's motion was denied by separate order.

2

**A.      Claim One**[2]

Plaintiff alleges that on September 29 and 30, 2007, defendants Olive and Gonzales refused to allow him to attend service.  Plaintiff alleges that as a result, he was unable to participate in the seminar and receive a certificate or a blessing from God.  Plaintiff alleges a violation of his First and Fourteenth Amendment rights, as well as the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb.

Plaintiff states that he filed a grievance, and alleges that defendant Olive retaliated against him by refusing to allow Plaintiff to go to the law library on October 3, 2007.

**i.      First Amendment Claim**

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const., amend. I.  Prisoners "retain protections afforded by the First Amendment," including the free exercise of religion.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400 (1987).  However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Id. (quoting Price v. Johnson, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060 (1948)).  "In order to establish a free exercise violation, [a prisoner] must show the defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests." Freeman v. Arpaio,125 F.3d 732, 736 (9th Cir. 1997).  "In order to reach the level of a constitutional violation, the interference with one's practice of religion 'must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief  that is central to religious doctrine.'" Freeman, 125 F.3d at 737 (quoting Graham v. C.I.R., 822 F.2d 844, 851 (9th Cir. 1987)).

Plaintiff has not sufficiently alleged that defendants substantially burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith. Freeman at 736.  Plaintiff's allegation that he could not attend a seminar and receive a certificate and blessing is

___

[2] Plaintiff has divided his complaint into four separate claims.  For ease of reference, the Court shall follow the same format in its Screening Order.

insufficient to support a cognizable free exercise claim under section 1983.  Plaintiff was provided with leave to file an amended complaint.

### ii.    Fourteenth Amendment Claim

Plaintiff alleges, without specificity, a violation of the Fourteenth Amendment.  Presuming that plaintiff is alleging a due process issue, the touchstone of due process is protection of the individual against arbitrary government action, whether the fault lies in a denial of fundamental procedural fairness or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective.  County of Sacramento v. Lewis, 523 U.S. 833, 845-46 (1998) (citations and quotation marks omitted).

The concept of substantive due process is expanded only reluctantly and therefore, "if a constitutional claim is covered by a specific constitutional provision, . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process."  County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998) (citation and internal quotation marks omitted).  In this case, the First Amendment provides the explicit textual source of constitutional protection.  Therefore, the First Amendment rather than the Due Process Clause of the Fourteenth Amendment governs plaintiff's claims.

### iii.    Religious Freedom Restoration Act ("RFRA")[3]

Plaintiff claims a violation of the RFRA.  The RFRA has been declared unconstitutional as applied to local and state laws.  Boerne v. Flores, 521 U.S. 507 (1997).  Plaintiff's claim fails as a matter of law.

---

[3] Plaintiff has not alleged a violation of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), which provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc.  Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs.  Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005).  If plaintiff meets his burden, defendants must demonstrate that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest *and* the least restrictive means of furthering that compelling governmental interest."  Id. (emphasis in original).  "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs."  Id.

4

1          **iv.    Retaliation Claim**

2          Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition

3   the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.

4   1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65

5   F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment

6   retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action

7   against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

8   the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance

9   a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

10         First, the court finds that plaintiff has not alleged any injury - or chilling - resulting from

11  defendant Olive's refusal to release Plaintiff to attend law library. Second, the court finds that the

12  action taken by Martinez is not the type of adverse action that gives rise to a cognizable claim for

13  relief for retaliation.  See Gill v. Pidlypchak, 389 F.3d 379, 381 (2d Cir. 2004) (only retaliatory

14  conduct that would objectively deter a similarly situated individual of ordinary firmness from

15  exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation)

16  (citations and quotations omitted); Dawes v. Walker, 239 F.3d 489, 492-93 (2d Cir. 2001)

17  (allegations that an officer referred to the plaintiff as an informant and that a sergeant called the

18  plaintiff a rat to his face do not constitute adverse actions and do not make out claims of retaliation)

19  (quotations omitted).  Filing inmate grievances is a protected activity and it is impermissible for

20  prison officials to retaliate against inmates for filing grievances.  However, cases in this Circuit

21  addressing First Amendment retaliation claims involve situations where the action taken by the

22  defendant was clearly adverse to the plaintiff.  See Hines v. Gomez, 108 F.3d 265, 267(9th Cir.

23  1997) (guards found guilty of charging inmate with a false rules violation and finding him guilty in

24  retaliation for inmate's prior use of the grievance system); Pratt v. Rowland, 65 F.3d 802, 806 (9th

25  Cir. 1995) (inmate alleged that he was transferred to a different prison and double-celled in

26  retaliation for exercising his First Amendment rights); Valandingham v. Bojorquez, 866 F.2d 1135,

27  1138 (9th Cir. 1989) (inmate alleged that officers labeled him a snitch for petitioning prison and

28  government officials for redress and that, because of this labeling, the inmate was approached by

1   other inmates and threatened with harm); <u>Rizzo v. Dawson</u>, 778 F.2d 527, 530-32 (9th Cir. 1985)

2   (inmate alleged that he was reassigned out of a vocational class and transferred to a different prison

3   because of his activities as a jailhouse lawyer).  Plaintiff fails to state a cognizable retaliation claim.

4                          **vi.     Access to the Courts Claim**

5          Plaintiff further alleges that defendant Olive's retaliatory actions have deprived him of

6   meaningful access to the courts.

7          Inmates have a fundamental constitutional right of access to the courts. <u>Lewis v. Casey</u>, 518

8   U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996).  The right is limited to direct criminal appeals, habeas

9   petitions, and civil rights actions.  <u>Id.</u> at 354, 2181-82.  Claims for denial of access to the courts may

10  arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking

11  access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking

12  claim).  <u>Christopher v. Harbury</u>, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002).  For

13  backward-looking claims such as that at issue here, plaintiff "must show: 1) the loss of a

14  'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a

15  remedy that may be awarded as recompense but that is not otherwise available in a future suit."

16  <u>Phillips v. Hust</u>, 477 F.3d 1070, 1076 (9th Cir. 2007).

17         The first element requires that plaintiff show he suffered an "actual injury" by being shut out

18  of court.  <u>Harbury</u> 536 U.S. at 415, 121 S.Ct. at 2187; <u>Lewis</u>, 518 U.S. at 351, 116 S.Ct. at 2180;

19  <u>Phillips</u>, 477 F.3d at 1076.  The second element requires that plaintiff show defendant proximately

20  caused the alleged violation of plaintiff's rights, "[t]he touchstone . . . [for which] is foreseeability."

21  <u>Phillips</u>, 477 at 1077.  Finally, the third element requires that plaintiff show he has no other remedy

22  than the relief available via *this* suit for denial of access to the courts.  <u>Id.</u> at 1078-79.

23         Plaintiff has not alleged the existence of any actual injury to litigation.  Although claims must

24  be exhausted via the inmate appeals process, 42 U.S.C. § 1997e(a), exhaustion is an affirmative

25  defense which may be waived by the defendants, <u>Jones v. Bock</u>, 127 S.Ct. 910, 921 (2007).  Further,

26  it is speculative that Plaintiff will suffer an actual injury for failure to exhaust given that Plaintiff is

27  alleging misconduct of prison officials with respect to the processing and consideration of his

28  appeals.  <u>See</u> <u>infra</u>, Section C (pp.7:26-9:2).

                                          6

1   Plaintiff fails to state a cognizable claim for denial of access to the courts.

2   **B.   Claim Two**

3   Plaintiff alleges that on November 12, 2007, Plaintiff was assaulted by his cellmate, Inmate

4   Galbart.  Plaintiff alleges that defendant Olive was warned on October 24, 2007 and October 29,

5   2007 by inmate Galbart that he intended to hurt Plaintiff, but that defendant Olive did not do

6   anything.  Plaintiff alleges that defendant Pina was repeatedly informed of the threats made against

7   Plaintiff on the day of the assault, but defendant Pina ignored the threats.  Plaintiff alleges a violation

8   of the Eighth Amendment.

9   To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

10   conditions must involve "the wanton and unnecessary infliction of pain . . . ."  Rhodes v. Chapman,

11   452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials

12   must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.

13   Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237,

14   1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect inmates from

15   physical abuse.  Hoptowit, 682 F.2d at 1250 (9th Cir. 1982); Farmer v. Brennan, 511 U.S. 825, 833

16   (1994).  To establish a violation of this duty, the inmate must establish that prison officials were

17   deliberately indifferent to a substantial risk of serious harm to the inmates's safety.  Farmer, 511 U.S.

18   at 834.  The deliberate indifference standard involves an objective and a subjective prong.  First, the

19   alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer at 834 (citing

20   Wilson v. Seiter, 501 U.S. 294, 298 (1991)).   Second, the prison official must "know[] of and

21   disregard[] an excessive risk to inmate health or safety."  Id. at 837.

22   Plaintiff states cognizable claims against defendants Olive and Pina for relief for violation

23   of the Eighth Amendment.

24   **C.   Claim Three**

25   Next, Plaintiff alleges that defendants Appeal Coordinators J. Jones and L. Cano retaliated

26   against Plaintiff for filing grievances concerning the incidents giving rise to Claims One and Two

27   by engaging in a conspiracy to prevent plaintiff from exhausting his administrative remedies.

28   Plaintiff fails to state a claim upon which relief may be granted against defendants Jones and

1   Cano.  First, plaintiff has not alleged any injury - or chilling - resulting from defendants actions in

2   refusing to process his appeals.  Second, the court finds that the alleged action taken by Jones and

3   Cano is not the type of adverse action that gives rise to a cognizable claim for relief for retaliation.

4   The existence of an administrative remedy process does not create any substantive rights and cannot

5   support a claim for relief for violation of a constitutional right.  Ramirez v. Galaza, 334 F.3d 850,

6   860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259

7   F.3d 641, 647 (7th Cir. 2001).

8         Additionally, although the Ninth Circuit has not yet decided the issue, Ngo v. Woodford, 539

9   F.3d 1108, 1110 (9th Cir. 2008) (it is unclear if any exceptions to exhaustion apply), other Circuit

10  Courts have addressed the issue and held that exhaustion occurs when prison officials prevent

11  exhaustion from occurring through misconduct or fail to respond to a grievance within the policy

12  time limits, e.g., Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) ("[A]n administrative remedy

13  is not considered to have been available if a prisoner, through no fault of his own, was prevented

14  from availing himself of it."); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007)

15  (Courts are "obligated to ensure any defects in exhaustion were not procured from the action of

16  inaction of prison officials."); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006) ("Prison officials

17  may not take unfair advantage of the exhaustion requirement, [] and a remedy becomes 'unavailable'

18  if prison employees do not respond to a properly filed grievance or otherwise use affirmative

19  misconduct to prevent a prisoner from exhausting." (quoting Dole v. Chandler, 438 F.3d 804, 809

20  (7th Cir. 2006))); Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004)

21  (administrative remedies are exhausted when prison officials fail to timely respond to properly filed

22  grievance); Abney v. McGinnis, 380 F.3d 663, 667 (2d 2004) (inability to utilize inmate appeals

23  process due to prison officials' conduct or the failure of prison officials to timely advance appeal

24  may justify failure to exhaust); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (the

25  failure to respond to a grievance within the policy time limits renders remedy unavailable); Lewis

26  v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy

27  becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001)

28  (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed

to respond to grievance); <u>Powe v. Ennis</u>, 177 F.3d 393, 394 (5th Cir. 1999) (when a valid grievance has been filed and the state's time for responding has expired, the remedies are deemed exhausted); <u>Underwood v. Wilson</u>, 151 F.3d 292, 295 (5th Cir. 1998) (when time limit for prison's response has expired, the remedies are exhausted); <u>see</u> <u>also</u> <u>Mitchell v. Horn</u>, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); <u>Brown v. Croak</u>, 312 F.3d 109, 113 (3d Cir. 2002) (formal grievance procedure not available where prison officials told prisoner to wait for termination of investigation before filing formal grievance and then never informed prisoner of termination of investigation); <u>Miller v. Norris</u>, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy).  Because it is speculative that an inability to exhaust will cause an inmate to lose otherwise viable civil rights claims, Plaintiff's allegations that his appeals were not properly processed is not sufficiently adverse to support a retaliation claim.

### D.   Claim Four

Plaintiff alleges that on October 29, 2007 he wrote and advised defendant Adams that his appeals were being obstructed and that defendant Adams "disregarded Plaintiff's complaint and failed to remedy this wrong..."  (Doc. 1,Complaint,  p.15).

"[T]here is no pure *respondeat superior* liability under § 1983, [and] a supervisor [may only be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'"  <u>Hydrick v. Hunter</u>, 500 F.3d 978, 988 (9th Cir. 2007) (quoting <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989)).

Here, plaintiff's complaint does not state any cognizable claims for relief for violation of plaintiff's constitutional rights against defendants Cano and Jones.  Absent the existence of a violation of plaintiff's constitutional rights by them,  there is no basis upon which to impose supervisory liability against defendant Adams.

### E.    Request for Attorney Fees

Plaintiff has requested attorney fees. "In any action or proceeding to enforce a provision of section[] 1983 . . . , the court, in its discretion, may allow the prevailing party . . . reasonable

1  attorney's fees . . . . " 42 U.S.C. § 1988(b).  Plaintiff's contention that he is entitled to attorney's

2  fees if he prevails is without merit.  Plaintiff is representing himself in this action.  Because plaintiff

3  is not represented by an attorney, he is not entitled to recover attorney's fees if he prevails. Gonzales

4  v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987).

5  **IV.    Conclusion and Recommendation**

6         Plaintiff's complaint states claims against Defendants A. D. Olive and M. Pina for violation

7  of the Eighth Amendment.  However, the complaint does not state a cognizable First nor Fourteenth

8  Amendment religion claim, nor a cognizable Religious Freedom Restoration Act claim, retaliation

9  claim, supervisory claim, or access to the courts claim.  Plaintiff was provided with the opportunity

10 to either amend or proceed only on his cognizable claims, and has opted to proceed on the cognizable

11 claims.  Accordingly, it is HEREBY RECOMMENDED that:

12       1.      This action proceed on Plaintiff's complaint, filed January 15, 2008, against

13               Defendants A. D. Olive and M. Pina for violation of the Eighth Amendment;

14       2.      Plaintiff's First and Fourteenth Amendments religion claims, Religious Freedom

15               Restoration Act claim, retaliation claims, supervisory claim, and access to the courts

16               claim be dismissed for failure to state a claim; and

17       3.      Defendants. Gonzales III, Cano, Jones and Adams  be dismissed based on Plaintiff's

18               failure to state any claims against him.

19       These Findings and Recommendations will be submitted to the United States District Judge

20 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20)**

21 **days** after being served with these Findings and Recommendations, plaintiff may file written

22 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

23 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

24 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

25 1153 (9th Cir. 1991).

26       IT IS SO ORDERED.

27  Dated:   **February 13, 2009**            _____ **/s/ Dennis L. Beck**_____
                                             UNITED STATES MAGISTRATE JUDGE
28