# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOWELL FINLEY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>A.D. OLIVE, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-00075 LJO DLB PC<br><br>ORDER GRANTING DEFENDANTS OLIVE AND PINA'S MOTION TO SET ASIDE ENTRY OF DEFAULT<br><br>(Doc. 34)<br><br>ORDER DISREGARDING AS MOOT MOTIONS FOR DEFAULT JUDGMENT<br><br>(Docs. 39 and 50) |

**I.　Background**

Plaintiff Jowell Finley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 18, 2009, the Clerk's Office was directed to enter default against defendants Olive and Pina ("Defendants"). (Doc. 32.) Defendants moved to set aside the entry of default on May 20, 2009. (Doc. 34.) Plaintiff filed an opposition June 1, 2009 and after obtaining an extension of time, Defendants filed a reply on June 22, 2009. (Docs. 43, 51.) The motion is deemed submitted. Local Rule 78-230(m).

Also pending before the Court are Plaintiff's motions for default judgment, filed May 28, 2009 and June 12, 2009. (Docs. 39, 50.)

**II.　Motion to Set Aside Entry of Default**

Once default has been entered against a defendant, the court may, "[f]or good cause shown . . . set aside an entry of default . . ." Fed. R. Civ. P. 55(c). "The court's discretion is especially

1

broad where, as here, it is entry of default that is being set aside, rather than default judgment." O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994) (quoting Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986)); see also Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000). Default is generally disfavored. In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991). Therefore, "'[w]here timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits.'" Mendoza, 783 F.2d at 945-46 (quoting Schwab v. Bullock's, Inc., 508 F.2d 353, 355 (9th Cir. 1974) (internal quotations and citation omitted)). In determining whether to set aside default, relevant factors including the culpability of defendant, the existence of a meritorious defense, and any prejudice to plaintiff should be considered. American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000).

Defendants Pina and Olive argue that their failure to respond to the complaint was the result of confusion and/or mistake by defense counsel, that Defendants have a meritorious defense, and that Plaintiff will not be prejudiced by setting aside the entry of default. Plaintiff argues in opposition that Defendants do not have a meritorious defense, defense counsel's error or confusion should not be accepted, and that Plaintiff has been prejudiced by the delay.

Defense counsel signed waivers of service for Defendants on March 26, 2009. (Docs. 28, 29.) The waivers indicate that each defendants' answer or Rule 12 motion was due within sixty days after March 11, 2009. Id. Defense counsel attests that he relied on an incorrect notation in the Court Docket indicating that responses were due on May 26, 2009. (Doc. 34-2, Kubicek Dec., ¶3.) In fact, responsive pleadings from Defendants were due May 11, 2009.

Defendants moved to set aside entry of default only two days after it was entered, and concurrently filed a motion to dismiss the action. Defendants failure to timely respond to the complaint after waiving service appears to be the result of error and confusion on defense counsel's part arising from an error in the Court's Docket. Further, there is no evidence in the record from which the court may conclude that Defendants willfully and intentionally failed to comply with the applicable rules.

At issue in this action is Plaintiff's Eighth Amendment claim that Defendants Olive and Pina

ignored threats made by Plaintiff's cellmate to Plaintiff, and whether Plaintiff was subsequently assaulted. (Docs. 21, 27.) Although Plaintiff contends that Defendants do not have a meritorious defense, the court cannot make such a finding on the record before it. Plaintiff's Eighth Amendment claim rests on resolution of whether Defendants knew of and disregarded a substantial risk of serious harm to the Plaintiff. Defendants deny that threats to Plaintiff's safety - if Plaintiff was not moved to another cell - were reported to them. Defendants therefore argue that they cannot be held liable for failing to protect him. Defendants have also concurrently filed a motion to dismiss the action on the grounds that Plaintiff was erroneously granted leave to proceed in forma pauperis despite having accrued three "strikes" under 28 U.S.C. §1915(g). (Doc. 36.) Under these circumstances, the court cannot find that Defendants do not have a meritorious defense.

Finally, resolution of an action on its merits is favored. Resolution by default is not. Plaintiff has demonstrated no actual prejudice and given that Defendants moved to set aside entry of default within two days after it was entered, the court can discern no prejudice to Plaintiff. <u>TCI Group Life Ins. Plan v. Knoebber</u>, 244 F.3d 691, 701 (9th Cir. 2001) (neither simple delay in resolution of a case nor merely requiring the Plaintiff to litigate on the merits rather than allowing windfall by default constitutes prejudice).

Accordingly, based on the foregoing, defendants Olive and Pina's motion to set aside entry of default, filed May 20, 2009, is HEREBY GRANTED.

**III.   Motions for Default Judgment**

In light of Court's ruling to set aside the entry of default, Plaintiff's motions for default judgment are moot and HEREBY DISREGARDED.

IT IS SO ORDERED.

Dated:   **June 26, 2009**                     /s/ **Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE