1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 9  JOWELL FINLEY, | CASE NO. 1:08-cv-00075-LJO-DLB PC |
| 10           Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION |
| 11      v. | TO DISMISS BE DENIED |
| 12  T. GONZALES, III, et al., | (Doc. 36) |
| 13           Defendants. | OBJECTIONS, IF ANY, DUE WITHIN |
| 14 _____/ | THIRTY DAYS |

15 **I.      Findings and Recommendation**

16          Plaintiff Jowell Finley ("Plaintiff") is a state prisoner proceeding pro se in this civil rights

17 action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on January 15, 2008.  This action is

18 proceeding against defendants A. D. Olive and M. Pina for failure to protect Plaintiff's safety in

19 violation of the Eighth Amendment.[1]  Plaintiff was granted leave to proceed in forma pauperis on

20 January 25, 2008.  On May 20, 2009, defendants A. D. Olive and M. Pina moved this Court to

21 dismiss Plaintiff's case pursuant to 28 U.S.C. § 1915(g), on the ground that Plaintiff is not entitled

22 to proceed in forma pauperis in this action.  (Doc. 36, Defs.' Mot. To Dismiss.)  On June 1, 2009,

23 Plaintiff filed his opposition.  (Doc. 44, Pl.'s Opp'n to Defs.' Mot. To Dismiss.)  The Court deems

24 the matter submitted.  L. R. 78-230(m).

25 //

26 //

27 _____

28          [1]  All other claims and defendants were dismissed from the case.  (Docs. 21, 27.)

1

1        **A.        Legal Standard**

2        Title 28, section 1915(g), which governs in forma pauperis proceedings in federal court,

3    provides:

4        In no event shall a prisoner bring a civil action or appeal a judgment in a civil action
         or proceeding under this section if the prisoner has, on 3 or more prior occasions,
5        while incarcerated or detained in any facility, brought an action or appeal in a court
         of the United States that was dismissed on the grounds that it is frivolous, malicious,
6        or fails to state a claim upon which relief may be granted, unless the prisoner is under
         imminent danger of serious physical injury.

7

8    In making a determination as to whether a prisoner plaintiff may proceed in forma pauperis, the

9    Court must consider all civil actions an appeals brought by the prisoner in any federal court.  Of all

10   actions and appeals previously brought, only those actions and appeals that count as strikes for

11   purposes of § 1915(g) are those actions and appeals dismissed because they are "frivolous,

12   malicious, or fail[] to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g).

13       When a defendant challenges a prisoner's right to proceed in forma pauperis, the defendant

14   bears the burden of producing sufficient evidence to establish that § 1915(g) bars the plaintiff's in

15   forma pauperis status.  Andrews v. King, 398 F.3d 1113, 1116 (9th Cir. 2003).  Once the defendant

16   has made a prima facie case, the burden shifts to the plaintiff to persuade the court that § 1915(g)

17   does not apply.  Id.

18       **B.        Discussion**

19       Plaintiff filed this civil action on January15, 2008.  Thus, the only relevant cases that would

20   count as strikes under § 1915(g) are those dismissed prior to January 15, 2008.  The Court takes

21   judicial notice of the orders of the United States District Court for the Eastern District of California

22   and for the Central District of California provided by defendants in support of their motion.[2]  The

23   three cases cited by defendants were dismissed before January 15, 2008 and are thus relevant.  The

24   three cases are:

25       Finley v. D. Lee, et al., No.2:02-cv-09627-R MAN (C.D. Cal.) (order filed May 23, 2003);

26   _____

27       [2] On a motion to dismiss, the Court may take judicial notice of matters of public record outside the
     pleadings. See United States v. 14.02 Acres, 547 F.3d 943 (9th Cir. 2008) (citing Lee v. City of Los Angeles, 250
28   F.3d 668, 688 (9th Cir. 2001).

                                                    2

1    Finley v. Ironwood State Prison, et al., 2:02-cv-04434-UA-MAN (C.D. Cal.) (order filed July

2    11, 2002); and

3    Finley v. Quinn, et al., 1:04-cv-05463-AWI-LJO (E.D. Cal.) (order filed July 1, 2005).

4 (Doc. 37, Defs.' Exhs. in Supp. of Mot. to Dismiss, Exhs. A to D-3.)

5    It is quite clear that two of the three cases listed by defendants count as strikes under §

6 1915(g).  In case No. 02-9627, filed in the Central District, the Magistrate Judge issued a Findings

7 and Recommendations on April 15, 2003, specifically finding that Plaintiff had failed to state any

8 federal claims.  (Doc. 37, Defs.' Exh. B-1.)  On May 23, 2003, the District Judge adopted the

9 Findings and Recommendations in full and issued a judgment to that effect.  (Defs. Exhs. B-2 and

10 B-3.)  In case No. 04-05463, filed in the Eastern District, the Magistrate Judge issued a Findings and

11 Recommendations on May 7, 2005, also finding that Plaintiff had failed to state any federal claims.

12 (Defs. Exh. D-1.)  On June 30, 2005, the District Judge adopted the Findings and Recommendations

13 in full, and judgment was issued in accordance with the court's order.  (Defs.' Exh. D-2.)

14    However, the Court does not find that the third case submitted by defendants counts as a

15 strike under § 1915(g).  In case No. 02-4434, filed in the Central District, the Magistrate Judge

16 issued an order on June 17, 2002, denying Plaintiff's application to file the action without

17 prepayment of the filing fee because 1) Plaintiff's claim was not exhausted; and 2) Plaintiff may not

18 sue state officials in their official capacity for money damages.  (Defs.' Exh. C-2.)   The Magistrate

19 Judge issued another order on July 11, 2002, reiterating the Judge's previous order.  (Defs.' Exh. C-

20 3.)  When a district court disposes of an in forma pauperis complaint "on the grounds that the claim

21 is frivolous, malicious, or fails to state a claim upon which relief may be granted," that complaint

22 is dismissed for purposes of § 1915(g) even if the district court styles such dismissal as a denial of

23 the prisoner's application to file the action without prepayment of the full filing fee.  O'Neal v. Price,

24 531 F.3d 1146, 1152-53 (9th Cir. 2008).  The issue then is whether case No. 02-4434 was dismissed

25 because the claim was frivolous, malicious, or failed to state a claim upon which relief may be

26 granted.

27 //

28 //

3

1    **1.    Failure to Exhaust Administrative Remedies**

2    The Magistrate Judge dismissed case No. 02-4434 in part because Plaintiff failed to exhaust

3    administrative remedies.  Typically, a dismissal for failure to exhaust administrative remedies is

4    without prejudice, Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003), but this does not

5    necessarily preclude a finding that the dismissal counts as a strike pursuant to § 1915(g).  See

6    O'Neal, 531 F.3d at 1154 (quoting Day v. Maynard, 200 F.3d 665, 667 (10th Cir. 1999)) ("A

7    dismissal without prejudice counts as a strike, so long as the dismissal was made because the action

8    is frivolous, malicious, or fails to state a claim." ).  However, the Ninth Circuit has not found that

9    dismissal solely for failure to exhaust administrative remedies is sufficient to count as a strike under

10   § 1915(g).  See O'Neal, 531 F.3d at 1154 n. 9 (noting that in Second Circuit, actions dismissed for

11   failure to exhaust on procedural grounds are not necessarily strikes under § 1915(g)).  A fair reading

12   of § 1915(g) and the exhaustion cases in this Circuit does not support a finding that a dismissal for

13   failure to exhaust is sufficient by itself to count as a strike.  Defendants present no arguments that

14   would support such a finding.  Thus, in order for case No. 02-4434 to count as a strike here, the

15   dismissal for failure to exhaust must have been done on the grounds that the action is frivolous,

16   malicious, or fails to state a claim.

17   **2.    Suing State Officials In Their Official Capacity For Money Damages**

18   The Magistrate Judge in case No. 02-4434 gave her other reason for dismissal as: Plaintiff

19   may not sue state officials in their official capacity for money damages. (Defs.' Exhs. C-2 and C-3.)

20   This is not the same as a claim dismissed as malicious, frivolous, or fails to state a claim.  Congress

21   in the Prisoner Litigation Reform Act ("PLRA") clearly made a distinction between claims dismissed

22   on the grounds that it is 1) malicious, frivolous, or fails to state a claim, and 2) seeking monetary

23   relief from a defendant who is immune from relief.  See 28 U.S.C. § 1915(A) (district court must

24   review "before docketing" prisoner's complaint against "a governmental entity or officer or

25   employee of a governmental entity," and district court must dismiss complaint if it is "frivolous,

26   malicious, or fails to sta te a claim upon which relief may be granted," or "seeks monetary relief from

27   a defendant who is immune from such relief"); 28 U.S.C. § 1915(e)(2)(B) (district court must

28   dismiss prisoner's in forma pauperis case "at any time" if the court determines that the action is "(i)

1   frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

2   monetary relief against a defendant who is immune from such relief"); 42 U.S.C. § 1997e(c) (a

3   district court must "on its own motion or on the motion of a party" dismiss prisoner's action

4   "brought with respect to prison conditions . . . if the court is satisfied that the action is frivolous,

5   malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from

6   a defendant who is immune from such relief."); O'Neal, 531 F.3d at 1152-53.

7        A dismissal of an action counts as a strike pursuant to § 1915(g) only if those cases were

8   dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

9   may be granted." 28 U.S.C. § 1915(g).  The statute clearly omits dismissal on the grounds that the

10  action seeks monetary relief from a defendant who is immune from such relief.  Congress clearly

11  made a distinction between dismissal when an action is frivolous, malicious, or fails to state a claim,

12  and when an action seeks monetary relief from a defendant who is immune from such relief.  Thus,

13  the dismissal in case No. 02-4434 for failure to exhaust and for seeking monetary relief from a

14  defendant who is immune from such relief does not count as a strike for purposes of § 1915(g).[3]

15       Plaintiff has clearly incurred two strikes pursuant to § 1915(g).  However, the Court rejects

16  defendants' arguments that case No. 02-4434's dismissal counts as a third strike pursuant to §

17  1915(g).  Accordingly, defendants' motion should be denied.

18

19       [3] Plaintiff in his opposition contends that: 1) the Court entered an entry of default against defendants; 2)
    counsel in this case had filed a motion to dismiss pursuant to 28 U.S.C. § 1915(g) "based on the same facts as this
20  current motion" in another case, and that motion was denied; and 3) dismissal would deny Plaintiff access to the
    courts. (Doc. 44, Pl.'s Opp'n 1-2.)  Plaintiff contends that while he has had complaints dismissed, none were
    frivolous.  (Pl.'s Opp'n 2.)
21       Plaintiff's first argument is irrelevant, as the Court had granted defendants' motion to set aside the entry of
    default. (Doc. 53.)  Plaintiff's second argument is incorrect.  An examination of the motion to dismiss filed in Finley
22  v. Mineau, et al., 2:05-02060-MCE-JFM (E.D. Cal.) (motion filed September 13, 2006), indicates that one of the
    three cases submitted by the defendants in support of their motion there is different from a case submitted by
23  defendants here.  Plaintiff's third argument that he will be denied access to the courts is unpersuasive.  The Ninth
    Circuit has upheld 28 U.S.C. § 1915(g) against constitutional challenge.  See Rodriguez v. Cook, 169 F.3d 1176,
24  1180 (9th Cir. 1999) ("where a fundamental interest is not at stake, § 1915(g) does not infringe upon an inmate's
    meaningful access to the courts.").  Plaintiff's action here does not implicate any fundamental interest.  See id. (in the
25  civil context, the Supreme Court has waived filing fees for indigent persons who are challenging termination of
    parental rights, or seeking divorce, but declined to find fundamental interest for discharge of debts in bankruptcy or
26  challenging reduction of welfare benefits).  While it is entirely probable that none of Plaintiff's prior dismissed
    claims are frivolous, claims dismissed as malicious or for failure to state a claim would also count as strikes under §
27  1915(g).  However, Plaintiff's arguments are moot, as defendants have failed to demonstrate a prima facie case for
    dismissal.

28

**II.      Conclusion and Recommendation**

For the foregoing reasons, the Court HEREBY RECOMMENDS that defendants' Motion to Dismiss, filed May 20, 2009, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

  **Dated:   August 20, 2009**          _____ **/s/ Dennis L. Beck** _____
                                              UNITED STATES MAGISTRATE JUDGE