# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOWELL FINLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. GONZALEZ, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-00075-LJO-DLB PC<br><br>ORDER DISREGARDING PLAINTIFF'S MOTIONS<br><br>(Docs. 69, 70)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED AND ACTION BE DISMISSED WITHOUT PREJUDICE<br><br>(Doc. 60)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

**Findings and Recommendations**

**I.　Background**

Plaintiff Jowell Finley ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation.  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's complaint, filed January 15, 2008, against Defendants Pina and Olive for violation of the Eighth Amendment.  On October 29, 2009, Defendants' filed a motion to dismiss for failure to exhaust administrative remedies, pursuant to the unenumerated portion of 12(b) of the Federal Rules of Civil Procedure,.  (Doc. 60.)  On November 19, 2009, Plaintiff filed his opposition.  (Doc. 62.)  On December 2, 2009, Defendants filed their reply.  (Doc. 63.)  The matter is submitted pursuant to Local Rule 230(l).

On February 22, 2010, and April 5, 2010, Plaintiff filed motions seeking a ruling on Defendants' motion to dismiss.  Because the Court issues the following Findings and

1

Recommendations addressing Defendants' motion, Plaintiff's motions are HEREBY DISREGARDED.

## II.     Summary of Complaint

Plaintiff contends that on November 12, 2007, Plaintiff was assaulted by his cellmate, inmate Galbart. Plaintiff contends that Defendant Olive was wanred on October 24, 2007 and October 29, 2007 that he intended to hurt Plaintiff, but that defendant Olive did not do anything. Plaintiff alleges that Defendant Pina was repeatedly informed of the threats made against Plaintiff on the day of the assault, but Defendant Pina ignored the threats. Plaintiff alleges a violation of the Eighth Amendment.[1]

## III.    Failure to Exhaust Administrative Remedies

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211, 127 S. Ct. 910, 918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532, 122 S. Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 127 S. Ct. at 921; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th

---

[1] The Court dismissed all of Plaintiff's other claims for failure to state a claim upon which relief may be granted. (Doc. 21, Findings and Recommendations; Doc. 27, Order Adopting Findings and Recommendations.)

1 Cir. 1998) (per curiam)).  In deciding a motion to dismiss for failure to exhaust administrative
2 remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  *Wyatt*,
3 315 F.3d at 1119-20.  If the Court concludes that the prisoner has failed to exhaust administrative
4 remedies, the proper remedy is dismissal without prejudice.  *Id.*

**IV.    Discussion**

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1 (2009).  The process is initiated by submitting a CDC Form 602.  *Id.* § 3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  *Id.* § 3084.5.  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* §§ 3084.5, 3084.6(c).  In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  *Woodford v. Ngo*, 548 U.S. 81, 85-86, 126 S. Ct. 2378 (2006); *McKinney*, 311 F.3d at 1199-1201.  Exhaustion does not *always* require pursuit of an appeal through the Director's Level of review.  What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal.  *See Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005).

Defendants contend that Plaintiff did not exhaust his administrative remedies prior to the filing of this action.  Defendants contend that Plaintiff did file an administrative remedy regarding Defendants' alleged failure to protect.  (Doc. 60, Mot. To Dismiss 5:12-14.)  However the Director's level decision was issued April 16, 2008, four months after Plaintiff initiated this action.  (*Id.*)  Defendants submit as evidence a declaration from N. Grannis, Chief of the Inmate Appeals Branch for the CDCR, and the Director's level decision regarding Grievance No. Cor-07-05302, dated April 16, 2008.  (N. Grannis Decl.; Exh. 1.)  Grannis declares that no other grievances concerning this incident were filed.  (Grannis Decl. ¶ 6.)

Defendants have met their burden of demonstrating that Plaintiff failed to exhaust administrative remedies.  The burden shifts to Plaintiff to demonstrate compliance.

3

In opposition, Plaintiff attests that he exhausted his administrative remedies. (Doc. 62, Opp'n ¶ 4.) Plaintiff attests that he filed a civil rights complaint in January 2008. (*Id.* ¶ 5.) Plaintiff attests that prior to determining the merits of the case, and before Defendants were served with summons and complaint, Plaintiff had exhausted his administrative remedies. (*Id.*)

Plaintiff has failed to demonstrate that he exhausted his administrative remedies in compliance with the PLRA. As previously stated, prisoners are required to exhaust the available administrative remedies **prior** to filing suit. *McKinney*, 311 F.3d at 1199-1201. "[A]n action is 'brought' for purposes of § 1997e(a) when the complaint is tendered to the district clerk . . . ." *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006) (quoting *Ford v. Johnson*, 362 F.3d 395, 400 (7th Cir. 2004)). Plaintiff brought this action on January 15, 2008. (Doc. 1.) Plaintiff exhausted his administrative remedies on April 15, 2008. Thus, Plaintiff did not exhaust his administrative remedies **prior** to filing suit, and did not comply with § 1997e(a).

**V.     Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1)     Defendants' motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, filed October 29, 2009, should be GRANTED; and

2)     This action be DISMISSED, without prejudice, for Plaintiff's failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 19, 2010**            /s/ **Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE